# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ADVANCED PHYSICAL THERAPY, LLC, ET AL, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 6:20-03043-CV-RK |
| APEX PHYSICAL THERAPY, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiffs Advanced Physical Therapy, LLC, Zachary Ball, and Todd Linebarger's ("Plaintiffs") motion to strike Defendant Apex Physical Therapy's motions for summary judgment. (Doc. 138.) The motion is fully briefed (Docs. 139, 155, 163.) For the reasons below, Plaintiffs' motion is **DENIED.**

Plaintiffs argue that Defendant's motions for summary judgment should be stricken for violation of Local Rule 56.1(a) and for violation of Defendant's stipulation that it would withdraw and not later raise the defense of failure to state a claim upon which relief can be granted.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure a court may strike from a pleading an insufficient affirmative defense or "any redundant, immaterial, impertinent, or scandalous matter." While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted).

## I.   Local Rule 56.1

Plaintiffs assert Defendants' filing of a single, 163-paragraph, comprehensive statement of uncontroverted material facts in support of its three motions for summary judgment is a prejudicial violation of Local Rule 56.1(a) warranting the Court's striking the entirety of Defendants' motions for summary judgment.

Local Rule 56.1(a) of the Local Rules of the United States District Court for the Western District of Missouri requires that "[a] party moving for summary judgment [] begin its supporting suggestions with a concise statement of uncontroverted material facts.  Each fact must be set forth in a separately numbered paragraph and supported in accordance with Fed. R. Civ. P. 56(c)."

L.R. 56.1(a). Notably, Local Rule 56.1 does not set forth a definition of a concise statement or place an upper limit on the number of facts that may be included in such suggestions in support. Plaintiffs do not cite, nor has the Court located through its own research, any case in which a Court struck a party's motions for summary judgment for filing a single, consolidated statement of uncontroverted material facts in support of more than one such motion.

Given the complexity of the instant case and the Court's disfavor of motions to strike, this argument is denied.

## II. Stipulation as to Failure to State a Claim

Plaintiffs argue that, because Defendant stipulated it would withdraw "the affirmative defense[] of . . . failure to state a claim upon which relief can be granted" and that "[that] defense[] will not later be raised[,]" its motions for summary judgment should be struck for being based on challenges to the sufficiency of Plaintiffs' prima facie case.

Courts in this district have been split over whether failure to state a claim is an affirmative defense. *Compare Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *4 (W.D. Mo. Jan. 22, 2019) ("Failure to state a claim is an improper affirmative defense; such an assertion is appropriate as a motion to dismiss.") *with Federal Trade Comm'n v. BF Labs Inc.*, No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015) ("A failure-to-state-a-claim challenge can take many forms, and it is not immediately apparent that this affirmatively-stated defense raises the same issues considered in the motion to dismiss . . . . Defendants are entitled to assert the substance of this defense in their answers.") However, as noted in *Cope v. Let's Eat Out, Inc.*, a majority of courts in this circuit have held failure to state a claim is not an affirmative defense. No. 6:16-CV-03050-SRB, 2017 WL 1425838, at *5 (W.D. Mo. Apr. 18, 2017) (collecting cases). The Court agrees.

Because failure to state a claim is not an affirmative defense and considering the Court's disfavor of motions to strike, Plaintiffs' argument on this point will be denied.

### Conclusion

For the reasons set forth above, Plaintiffs' motion to strike (Doc. 138) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 2, 2021