IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL THERAPY, LLC, ZACHARY BALL, TODD LINEBARGER, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 6:20-cv-03043-RK |
| v. | ) ) ) |
| APEX PHYSICAL THERAPY, LLC, | ) ) |
| Defendant. | ) |

# ORDER

Before the Court are various pre-trial motions filed by both Defendant (Docs. 167, 169, 171, 173, 175, 177, 180, 210) and by Plaintiffs (Docs. 214).[1]

## I. Defendant's Motions to Exclude Expert Testimony (Docs. 167, 169, 171)[2]

First, Defendant seeks to exclude the expert witness testimony of Joseph (Chip) Sheppard, III; Wade Early; and Zach and Jamie Ball under Federal Rules of Evidence 403 and 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 (1993).

### A. Legal Standard

Federal Rule of Evidence 702, amended after *Daubert*, provides the standard for the admission of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based

---

[1] Also pending before the Court are two additional pre-trial motions (Docs. 179 and 184). These motions will be addressed at a later time.

[2] On November 16, 2021, after most all of the parties' pre-trial motions had been filed, the Court granted summary judgment in Defendant's favor on Plaintiffs' claims for malicious prosecution and abuse of process. (Doc. 206 ("Summary Judgment Order").) Further, the Court denied Plaintiffs' motion for reconsideration of the Summary Judgment Order as to Plaintiffs' claim for malicious prosecution on January 25, 2022. (Doc. 236.) With the exception of a few additional pre-trial motions filed after the Summary Judgment Order was issued, the parties have not supplemented or re-argued many of these pre-trial motions in light of the fact that Plaintiffs' sole remaining claim following the Summary Judgment Order is Count III, asserting a claim under the Missouri Computer Tampering Act. The Court accordingly addresses any pre-trial motion not argued in relation to or as concerning Plaintiffs' computer tampering claim.

on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Based on Rule 702, the Eighth Circuit applies a three-part test to determine the admissibility of expert testimony:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prod. Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted). The rules for the admissibility of expert testimony favor admission over exclusion. *Id.* At the same time, "[t]he touchstone for the admissibility of expert testimony is whether it will assist or be helpful to the trier of fact." *Lee v. Andersen*, 616 F.3d 803, 808 (8th Cir. 2010) (citation and quotation marks omitted).

### B. Defendant's Motion to Exclude Expert Testimony of Joseph (Chip) Sheppard, III (Doc. 167)

Defendant seeks to exclude the expert witness testimony of Joseph Sheppard, a Missouri-licensed attorney, as to his expert opinions, including: (1) Apex lacked probable cause to file the Illinois Lawsuit, (2) the Illinois Lawsuit order was "correct," (3) litigants like Ball and Linebarger frequently suffer an emotional toll from litigation, and (4) the attorney's fees incurred in the Illinois Lawsuit were necessary and reasonable. Following entry of the Summary Judgment Order that dismissed all counts except Plaintiffs' claim under the Missouri Computer Tampering Act ("MCTA"),[3] it does not appear this expert testimony would "help the trier of fact to understand the evidence or to determine a fact in issue" as to Plaintiff's MCTA claim.

Additionally, to the extent Mr. Sheppard would testify that litigants generally suffer an emotional toll from litigation, such expert testimony is unnecessary. Expert testimony regarding whether it is common for litigants to suffer an emotional toll "is neither appropriate nor necessary,

---

[3] Under the Missouri Computer Tampering Act, Plaintiffs are entitled to recover "compensatory damages, including any expenditures reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, computer service, or data was not altered, damaged, or deleted by the access," as well as "reasonable attorney's fees to a prevailing plaintiff." Mo. Rev. Stat. § 537.525.

and would serve only to confuse the jury and bolster the credibility of [Plaintiff]'s witnesses." *Hammer & Steel, Inc. v. Center Rock, Inc.*, No. 4:12CV688 JCH, 2013 WL 2321779, at * (E.D. Mo. May 28, 2013) (citing *U.S. ex rel. Anti-Discrim. Ctr. of Metro New York, Inc. v. Westchester Cty., N.Y.*, 2009 WL 1110577, at *2 (S.D.N.Y. Apr. 22, 2009) ("It is appropriate, therefore, to exclude expert testimony offered to bolster the credibility of fact witnesses.")).[4]

Further, as to attorney's fees incurred in the Illinois Lawsuit, such expert testimony does not appear to help the jury understand the evidence or determine a fact in issue. To the extent Plaintiffs' theory of damages recoverable under the MCTA encompasses litigation costs and other damages sustained by Plaintiffs in the context of the underlying Illinois Lawsuit, such damages actually suffered must be independently proven. For these reasons, Defendant's motion to exclude the expert testimony of Mr. Sheppard is **SUSTAINED** as to these expert opinions.

### C. Defendant's Motion to Exclude Non-Retained Expert Testimony of Wade Early (Doc. 169)

Next, Defendant moves to exclude the expert testimony of Wade Early, Plaintiffs' attorney in the Illinois Lawsuit. First, the Court notes to the extent Defendant seeks to exclude Mr. Early's expert witness testimony concerning Plaintiffs' malicious-prosecution and abuse-of-process claims, the motion is moot following the Summary Judgment Order.[5] Best the Court can discern, the remaining arguments to exclude Mr. Early's expert testimony include: (1) his expert testimony is not based on a sufficient factual basis due to attorney-client privilege, (2) that Plaintiffs sustained damages beyond ordinary expenses in the context of the Illinois Lawsuit, and (3) Plaintiffs' attorneys' fees in the Illinois Lawsuit were reasonable and necessary. Initially, the Court notes Mr. Early's expert testimony that Plaintiffs sustained damages beyond ordinary expenses and that their attorney's fees in the Illinois Lawsuit were necessary and reasonable must be excluded for the same reason as Mr. Sheppard's expert testimony is excluded – it serves only to bolster the

---

[4] In opposing Defendant's motion to exclude expert testimony by Mr. Sheppard, Plaintiffs contend "the lay opinions to be offered by [Mr.] Sheppard 'that parties to lawsuits frequently suffer emotional distress and/or health side effects' . . . are based on his experience and observations as a litigator, and are admissible." (Doc. 192 at 6.) Defendant's motion to exclude Mr. Sheppard's testimony did not address anticipated lay testimony from Mr. Sheppard, but only his expert witness testimony. Accordingly, the Court declines to address the admissibility of any lay testimony by Mr. Sheppard at this time.

[5] This appears to include at least Mr. Early's anticipated testimony regarding (1) legal procedures, processes, and the law applicable to Apex's claims in the Illinois Lawsuit; (2) that Apex lacked probable cause to file the Illinois Lawsuit; and (3) Apex's abuse of process was intended to cause and did cause unnecessary expense. (*See* Doc. 170 at 7-8.)

3

testimony of Ball and Linebarger as to the damages and attorney's fees they actually suffered or paid in the context of the Illinois Lawsuit, and does not appear to help the jury understand the evidence or determine a fact in issue. Accordingly, Defendant's motion to exclude the expert testimony of Mr. Early is **SUSTAINED** as to these expert opinions and is otherwise **DENIED as moot** to the extent Defendant's motion seeks to exclude Mr. Early's expert opinions as to Plaintiffs' malicious-prosecution and abuse-of-process claims.[6]

### D. Defendant's Motion to Exclude Non-Retained Expert Testimony of Zach Ball and Jamie Ball (Doc. 171)

Defendant also moves to exclude the expert testimony of Zach and Jamie Ball on several issues, including: (1) whether Advanced could have expanded its business operations sooner but for the Illinois Litigation, (2) whether Apex had a proprietary or confidential interest in documents on which a claim or claims asserted in the Illinois Litigation were based, (3) whether Zach Ball experienced emotional injury as a direct result of the Illinois Litigation, and (4) the value of real property Zach Ball was required to dispose of as a direct result of the Illinois Litigation. In response, Plaintiffs represent to the Court "the above testimony is not intended to be proffered for the purpose of, or to qualif[y] as, expert testimony, and instead constitutes admissible lay testimony." (Doc. 194 at 2.) Under Federal Rule of Evidence 701, a lay witness may testify

> in the form of an opinion . . . that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Based on Plaintiffs' representation that neither Zach nor Jamie Ball will be proffered to testify as an expert witness as to these matters, Defendant's motion to exclude is, at this time, **DENIED without prejudice**.[7]

## II. Defendant's Motion in Limine on Issue of Personal Jurisdiction (Doc. 173)

Next, the Court addresses Defendant's motion in limine to exclude from trial evidence or opinions related to the issue of personal jurisdiction in the Illinois Lawsuit. Defendant argues this

---

[6] The Court also recognizes in their opposition to Defendant's motion to exclude the expert testimony of Mr. Early, Plaintiffs acknowledge any expert testimony Mr. Early does give at trial, to the extent any such testimony is offered, must be based on "facts or data . . . that the expert has been made aware of or personally observed" and that Plaintiffs "do not intend to elicit testimony concerning . . . matters" for which Mr. Early has invoked attorney-client privilege or work-product protection. (Doc. 193 at 9.)

[7] The Court is not making a relevancy ruling at this juncture.

evidence is barred by collateral estoppel, is irrelevant under Federal Rule of Evidence 402,[8] and is unduly prejudicial under Federal Rule of Evidence 403.[9] Regardless of whether the issue of personal jurisdiction remains relevant after the Summary Judgment Order, the Court agrees that Plaintiffs are collaterally estopped from re-arguing the issue of personal jurisdiction of the district court in the Illinois Lawsuit.

In the Eighth Circuit, the "collateral estoppel effect of a prior judgment in a diversity action is a question of substantive law controlled by state common law." *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997) (citation and quotation marks omitted). This includes determining the collateral estoppel effect of a judgment of another federal court sitting in diversity. *Id.* In determining which state law applies, courts in the Eighth Circuit look to the law of the first forum: "It is fundamental that the [preclusive] effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum." *Id.* (citations and quotation marks omitted) (holding "Louisiana law determines the preclusive effect to be given to the dismissal with prejudice of [plaintiff]'s prior identical action in the federal district court in Louisiana.").

"Under Illinois law, '[c]ollateral estoppel may be applied when the issue decided in the prior adjudication is identical with the one presented in the current action, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to . . . the prior adjudication.'" *Sanchez v. City of Chicago*, 880 F.3d 349, 357 (7th Cir. 2018) (quoting *Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001)). In addition, collateral estoppel applies when "no unfairness will result to the party sought to be estopped, that is," when the party had "a full and fair opportunity to present his case and an incentive to litigate." *Id.* (citation and quotation marks omitted). The Illinois Supreme Court has further explained, "[f]or purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted." *Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1376 (Ill. 1986) (citation omitted).

In the underlying lawsuit before the Southern District of Illinois, Plaintiffs filed multiple motions seeking dismissal or transfer of that case based on the lack of personal jurisdiction. Plaintiffs acknowledge the district court denied Plaintiffs' motions related to lack of personal

---

[8] Under Rule 402, "[i]rrelevant evidence is not admissible," and is therefore excludable.
[9] Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

5

jurisdiction and, subsequently, granted Plaintiffs' motion for summary judgment on the merits. Nevertheless, Plaintiffs argue collateral estoppel does not apply to the issue of personal jurisdiction because it was not "actually litigated" in the prior action and, at most, the district court "resolved only the issue of whether Apex made a prima facie showing of personal jurisdiction," not whether the district court *actually had* personal jurisdiction. (Doc. 195 at 4.) The Court does not find Plaintiffs' argument persuasive.

Contrary to Plaintiffs' argument otherwise, the district court did decide the issue of personal jurisdiction and there was a "final judgment on the merits in the prior adjudication." First, neither party – let alone Plaintiffs following their success on summary judgment – appealed the district court's summary judgment order. Therefore, there was a final judgment on the merits. *See Ballweg*, 499 N.E.2d at 1376. Additionally, the district court (1) denied Plaintiffs' lack of personal jurisdiction argument when it denied Plaintiffs' motion to dismiss and motion for transfer based on the lack of personal jurisdiction, and (2) entered summary judgment in Plaintiffs' favor on the merits. It is axiomatic that "[p]ersonal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication" on the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Plaintiffs had a full and fair opportunity to argue the issue of personal jurisdiction, and they did so before the Illinois district court.[10] The issue decided – that the district court did have personal jurisdiction[11] – is the same issue Plaintiffs continue to attempt to argue and re-litigate in this subsequent action. Therefore, the Court finds Plaintiffs are collaterally estopped from re-litigating the issue of personal jurisdiction. Accordingly, Defendant's motion in limine on the issue of personal jurisdiction (Doc. 173) is **SUSTAINED**.

---

[10] Also of note, the record in the Illinois Lawsuit indicates Plaintiffs later filed a motion for summary judgment arguing, again, the personal jurisdiction issue, but withdrew that motion. *See Advanced v. Ball*, 3:17-cv-00119-JPG-MAB (S.D. Ill.), Docs. 97, 108.

[11] Plaintiffs' argument that the district court only decided that the complaint sufficiently alleged personal jurisdiction and not that it actually had personal jurisdiction is not persuasive, even beyond the district court's entry of judgment on the merits in Plaintiffs' favor. Simply, any difference in the "burden of demonstrating the existence of [personal] jurisdiction" – as determined by whether the district court "holds an evidentiary hearing to determine [personal] jurisdiction" or whether plaintiff has "establish[ed] a prima facie case of personal jurisdiction" based on the written materials – *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781-83 (7th Cir. 2003), does not mean the district court's decision whether personal jurisdiction exists or not is any less determinative of the issue raised. *See id.* (affirming district court's dismissal of the complaint for lack of personal jurisdiction).

### III. Defendant's Supplemental Motion in Limine (Doc. 210)

The Court now turns to Defendant's supplemental motion in limine (Doc. 210), seeking to exclude evidence or opinions as to (1) Apex's bases for filing the Illinois Lawsuit, (2) damages Plaintiff suffered other than attorney's fees incurred in bringing their claim under the MCTA, and (3) punitive damages. Defendant argues this evidence should be excluded under Rules 402 and 403 of the federal evidentiary rules.

Initially, the Court notes it appears Defendant's supplemental motion in limine generally challenges the damages recoverable under Plaintiffs' MCTA claim. Specifically, Defendant argues Plaintiff cannot recover under the MCTA damages for Advanced's attorney's fees in the Illinois Lawsuit, Advanced's lost profits, Ball's emotional distress, or Linebarger's emotional distress or teeth grinding. At this stage, neither party appears to dispute that Plaintiffs' theory of damages as to their claim under the MCTA is as described in the Court's summary judgment order, that: "but for Apex's discovery of the marketing log [which violated the MCTA], it would not have filed the Illinois Lawsuit against Plaintiffs, and therefore Plaintiffs' damages are damages resulting from the Illinois Lawsuit itself." (Doc. 206 at 19.) The Court emphasizes that its role in either the summary-judgment or motion-in-limine stage is not to "pre-weigh[] the evidence on questions that properly belong to a jury." *Williams v. Sec. Nat'l Bank of Sioux City, IA*, 358 F. Supp. 2d 782, 801 (N.D. Iowa 2005).

For a claim brought under the MCTA, § 537.525.1, RSMo., authorizes recovery for "compensatory damages." *See W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 20 (Mo. banc 2012) ("Section 537.525.1 permits the owner or lessee of the computer system or network [or data] to bring a civil action . . . for any compensatory damages incurred and attorney's fees.") "It is Missouri's well-settled rule that a plaintiff is entitled to full compensation for past or present injuries that the plaintiff has shown by a preponderance of the evidence were caused by the defendant." *Swartz v. Gale Webb Transp. Co.*, 215 S.W.3d 127, 130-31 (Mo. banc 2007) (citation omitted). Of course, compensatory damages are those that "fairly and reasonably compensate a plaintiff for her injuries," *Bojorquez v. O'Keeffe*, 605 S.W.3d 380, 396 (Mo. Ct. App. 2020) (citation omitted), and "are not recoverable . . . unless defendants' conduct proximately caused plaintiffs' loss." *Kueffer v. Brown*, 879 S.W.2d 658, 665 (Mo. Ct. App. 1994) (citing *Creech v. Riss & Co.*, 285 S.W.2d 554, 561 (Mo. 1955)). And indeed, § 537.525 permits "a civil action against any person who violates [the MCTA] for any compensatory damages incurred and

7

attorney's fees." *W. Blue Print Co.*, 367 S.W.3d at 20. Whether Plaintiffs can ultimately satisfy their burden of proof as to damages is not before the Court at this pre-trial motion-in-limine stage. The Court does not find at this pre-trial stage that the evidence Defendant seeks to exclude in this motion in limine is irrelevant or that it will unfairly prejudice the jury regarding the issue squarely presented before it in this case – whether Defendant violated the MCTA and, if so, whether Defendant's violation of the MCTA caused it to file the Illinois Lawsuit against Plaintiffs, and that the damages Plaintiffs claim were proximately caused by Defendant's violation of the MCTA.

Defendant argues evidence regarding Apex's reasons for filing the Illinois Lawsuit should be excluded as no longer relevant following the Summary Judgment Order. In particular, Defendant argues "the Court's Summary Judgment Order . . . fully resolves the issue of whether there was an independent basis for filing the [Illinois] Lawsuit separate and apart from the Marketing Log[.]" (Doc. 211 at 10.) The Court disagrees. In the Summary Judgment Order, the Court held, as a matter of law and in the context of Plaintiffs' claim for malicious prosecution, Defendant had probable cause to bring the breach-of-contract action against Plaintiffs in the Illinois Lawsuit. The issue of whether Defendant had probable cause to file the Illinois case is different than what information caused the Defendant to file the Illinois case.[12] That independent question of fact (what caused Defendant to file the Illinois case) required the denial of Defendant's motion for summary judgment as to Plaintiffs' MCTA claim. Defendant's motion in limine is **DENIED** as to the evidence or opinions concerning Apex's reasons for filing the Illinois Lawsuit.

Defendant also argues the Court should exclude "[e]vidence demonstrating Plaintiffs incurred any cost in verifying the computer was not altered, damaged, or deleted by Apex's alleged access." (Doc. 211 at 15.) Defendant argues "Plaintiffs have maintained they have not incurred any [such] cost" throughout the proceedings thus far. (*Id.* at 15 (citing deposition testimony of Ball as corporate representative); *see id.* at 16 (citing Linebarger's deposition testimony).) If contrary testimony is adduced at trial, Defendant may impeach such testimony pursuant to the applicable federal rules. Defendant's motion is **DENIED** as to evidence or opinions as to damages Plaintiffs suffered other than attorney's fees incurred in bringing their claim under the MCTA.

---

[12] Plaintiffs argue: "The question to be presented at trial in this case, in light of the Court's prior [Summary Judgment] Order, is whether Apex's wrongful conduct, ***in fact***, caused or contributed to cause Apex to file that lawsuit." (Doc. 233 at 2.)

Finally, Defendant also specifically seeks to exclude "evidence relevant to punitive damages" because punitive damages are not recoverable under the MCTA. (Doc. 211 at 16.) Defendant does not specifically refer to any such evidence other than broadly evidence of "Apex's alleged malice or evil motive and Apex's financial status and net worth." (Doc. 211 at 16.) Plaintiffs argue in opposition (1) punitive damages are recoverable under the MCTA and (2) the evidence Defendants broadly seek to exclude is relevant as supporting Plaintiffs' theory of compensatory damages under the MCTA.

In support of its argument that punitive damages are not recoverable under the MCTA, Defendant cites *Porters Building Centers, Inc. v. Sprint Lumber*, No. 16-06055-CV-SJ-ODS, 2017 WL 4413288, at *4 (W.D. Mo. Oct. 2, 2017), in which the district court granted summary judgment in defendant's favor as to plaintiff's request for punitive damages under a claim asserted under the MCTA. In *Porters*, the district court held the MCTA "does not allow for recovery for punitive damages," as the statutory language allowed for "recovery of 'compensatory damages, including any expenditures reasonably and necessarily incurred by the owner or lessee to verify the computer system . . . or data was not altered, damaged, or deleted by the access,' and reasonable attorneys' fees." *Id.* (quoting Mo. Rev. Stat. § 537.525(1)-(2).)[13]

In opposition, Plaintiff relies on a recent decision by the Missouri Court of Appeals in *Rasmussen v. Illinois Casualty Company*, 628 S.W.3d 166 (Mo. Ct. App. 2021), where the appellate court held that a plaintiff bringing an action under Missouri's Dram Shop Act, itself silent on the issue of punitive damages, could otherwise recover punitive damages since "the common law that existed prior . . . to the Act recognized that punitive damages were a recoverable remedy on a dram shop liability claim." *Id.* at 180; *see id.* at 180-81 (holding, "because the [Missouri] legislature did not clarify a different interpretation on the allowance of punitive damages than established by common law in the dram shop liability context, punitive damages are recoverable in a statutory dram shop cause of action"). *Rasmussen* essentially applied the principle in Missouri, as previously stated by the Missouri Supreme Court, that:

> In cases where a statute creates a cause of action unknown to the common law, punitive damages will not be allowed unless specified in the statute. By contrast, [where] the conversion claim asserted here is not rooted in a cause of action created by statute, but in one existing at common law . . . the rule of strict construction against punitive damages . . . is inapposite.

---

[13] As Plaintiffs point out, in *Porters*, the plaintiffs "concede[d] the MCTA does not provide for punitive damages." 2017 WL 4413288, at *4.

9

> When the legislature wishes to substitute a statutory limitation on punitive or penal damages for what would otherwise be a common law claim, it makes specific provision for such limitation. . . . There is no need for courts to infer a limitation, preemption or immunity where the legislature did not say so.

*Estate of Williams v. Williams*, 12 S.W.3d 302, 307 (Mo. banc 2000).

Indeed, in *Williams*, the Missouri Supreme Court held the trial court erred in dismissing the plaintiff's claim for punitive damages under statutory cause of action for discovery of assets in a probate proceeding corresponded to a common law claim for conversion, which had permitted recovery of punitive damages. The court held:

> The self-evident purpose of sec. 473.340 is to channel all claims to specific property in which an estate may have an interest into the probate division of the circuit court, including common law claims for conversion. Nothing in the text of the statute expresses any design to eliminate any common law remedy associated with conversion of property belonging to a decedent. To construe the statute as intended to eliminate any aspect of a common law claim for conversion of assets of a decedent's estate is not consistent with the statutory purpose.

*Id.* at 306-07; *see also Overman v. S.W. Bell Telephone Co.*, 675 S.W.2d 419, 425 (Mo. Ct. App. 1984) (noting that statutory cause of action that "neither expressly nor impliedly includes punitive damages" "does not exclude the preexistent remedy of punitive damages existent at common law, or limit the damages recoverable" for the claim) (holding because the right to recover punitive damages existed at common law, plaintiff may recover punitive damages under statutory cause of action against public utility); *see also Hawkins v. Burlington N., Inc.*, 514 S.W.2d 593, 598 (Mo. banc 1974) (explaining this "general rule as to exclusiveness of a statutory remedy" followed by Missouri).

Here, though, the MCTA statute on which Plaintiffs have asserted their claim states: "In addition to any other civil remedy available, the owner or lessee of the owner or lessee of the computer system . . . or data may bring a civil action against any person who violates section 569.095 to 569.099 for compensatory damages," and that "[i]n any action brought pursuant to this section, the court may award reasonable attorney's fees to a prevailing plaintiff." § 537.525. Plaintiffs argue (1) punitive damages constitute "any other civil remedy available" and that the claims contained in § 537.525 "are akin to a common law claim for conversion and invasion of privacy," for which punitive damages are recoverable. (Doc. 233 at 7, 8.) It does not appear Missouri courts have specifically interpreted the meaning of this statute. Federal courts are

10

Case 6:20-cv-03043-RK   Document 237   Filed 02/01/22   Page 10 of 14

bound by a state supreme court's construction of its own law, and even where there is no case directly on point by a state's highest court, [the Court] look[s] to relevant state precedent, analogous decisions, considered dicta, and any other reliable data to determine how the Supreme Court [of the state] would construe [the state's] law.

*In re W. Iowa Limestone, Inc.*, 538 F.3d 858, 866 (8th Cir. 2008) (citation and quotation marks omitted); *accord Brandenburg v. Allstate Ins. Co.*, 23 F.3d 1438, 1440 (8th Cir. 1994) (when an issue of state law has not been decided, "it is [the federal court's] responsibility to predict, as best [it] can, how that [state supreme] court would decide the issue.")

In *Rasmussen*, the Missouri legislature codified a claim for "dram shop liability" that had otherwise existed at common law. *See* 628 S.W.3d at 79-80 (recognizing the "common law cause of action relating to tavern owners serving obviously intoxicated persons who subsequently injur[ed] third persons"); *see also Overman*, 675 S.W.2d at 424 (the statutes at issue "are but codifications of the common law duties of public utilities" where "the cases in this state recognize the propriety of imposing punitive damages against a telephone company in a proper case," collecting cases). Here, though, § 537.525 effectively creates a civil cause of action for what is otherwise only a criminal offense for tampering with computer data, computer equipment, or with computer users. *See* § 537.525.1; Mo. Rev. Stat. §§ 569.095-099. In other words, it does not appear the civil claim statutorily authorized under the MCTA codified a common law analogue in the same way *Rasmussen* relied on the statutory codification of a common law claim for dram shop liability.[14]

Further, Plaintiffs' argument that punitive damages are encompassed in the statutory phrase "[i]n addition to any other civil remedy available," is not persuasive, either. Plaintiffs' argument inaccurately equates "civil remedy" with "punitive damages." In interpreting statutory language, Missouri courts rely on the plain language "give effect to the legislative intent." *Truman Med. Ctr., Inc. v. Progressive Cas. Ins. Co.*, 597 S.W.3d 362, 367 (Mo. Ct. App. 2020) (citation and quotation marks omitted). While no Missouri courts appear to have interpreted this particular statutory language, it appears the statutory term on which Plaintiffs rely does not encompass

---

[14] Plaintiffs' reliance on the torts of invasion of privacy and conversion is unavailing. In Missouri, a statutorily created cause of action can exist independent of and "separate and distinct from the underlying tort." *Lawrence v. Beverly Manor*, 273 S.W.3d 525, 527 & 528 (Mo. banc 2009); *see Sanders v. Ahmed*, 364 S.W.3d 195, 204 (Mo. banc 2012) (confirming that wrongful death is a statutorily created cause of action existing "independent of the predicate tort") (citation omitted). Independent of any underlying "tort," the cause of action under the MCTA is a creature of statute, existing as a civil cause of action for what is otherwise solely a criminal violation from which criminal (not civil) liability flows.

11

punitive damages. The dictionary defines "remedy" as "the legal means to recover a right or to prevent or obtain redress for a wrong." *Remedy*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/remedy (last accessed January 24, 2022)[15] Similarly, Black's Law Dictionary (11th ed. 2019) defines "remedy" (and "civil remedy") as "[t]he means of enforcing a right or preventing or redressing a wrong; legal or equitable relief."[16]

When interpreting statutes, Missouri courts presume "[e]ach word in a statute . . . ha[s] meaning, and any interpretation rendering language superfluous is not favored." *Atkinson v. Atkinson*, 423 S.W.3d 322, 326 (Mo. Ct. App. 2014) (citation omitted). Here, to conflate "any other civil remedy available" with "punitive damages" would both violate the rule that a statutorily created cause of action must specify if punitive damages are permitted as well as render meaningless the statute's specific reference to "compensatory damages" and "attorneys' fees." For these reasons, the Court is not persuaded the statutory phrase "other civil remed[ies] available" refers to punitive damages (an end to a means) but rather it refers to a separate cause of action (a means to an end).

In this case, Plaintiffs have pursued this claim solely under the MCTA. (*See* Doc. 16 at 16-17.) It does not appear punitive damages are recoverable under such claim as established by the Missouri legislature. Although the Court finds punitive damages are excluded in this case, Defendant's motion broadly seeks to exclude "evidence relevant to punitive damages." Defendant specifically moves to exclude "Apex's alleged malice or evil motive and Apex's financial status and net worth." (Doc. 211 at 16.) Outside punitive damages, Plaintiffs do not argue how Apex's financial status or net worth is relevant. However, because evidence of Defendant's "alleged malice or evil motive" could theoretically be relevant as circumstantial evidence of the MCTA claim, the Court will not at this time broadly exclude "evidence related to punitive damages," as Defendant requests.

In sum, Defendant's supplemental motion in limine (Doc. 210) is **SUSTAINED in part** as to evidence of Defendant's net worth and financial status and is otherwise **DENIED** inasmuch as the cited evidence is relevant as circumstantial evidence that supports Defendant's liability under the MCTA for compensatory damages.

---

[15] *See also Taylor v. Robertson*, 485 S.W.3d 393, 396 (Mo. Ct. App. 2016) (looking to the dictionary definition to discern the plain meaning of a statutory term).

[16] *See also Buemi v. Kerckhoff*, 359 S.W.3d 16, 21 (Mo. banc 2011) (looking to the dictionary definition of a term in Black's Law Dictionary).

12

### IV. Defendant's Motion to Exclude the Summary Judgment Orders from the Illinois Lawsuit (Doc. 175)

Next, Defendant moves to exclude the summary judgment orders issued by the district court in the Illinois Lawsuit. Defendant argues the orders are not relevant and are unduly prejudicial. Defendant argues the summary judgment orders should be excluded because they are not relevant to Plaintiffs' malicious prosecution claim or Plaintiffs' punitive damages claim. The Court has granted (and has also denied reconsideration of) summary judgment in Defendant's favor as to Plaintiffs' malicious prosecution claim. Additionally, as the Court explained above, it does not appear punitive damages are recoverable under Plaintiffs' sole remaining claim under the MCTA. Thus, Defendant's motion to exclude the summary judgment orders from the Illinois Lawsuit is **SUSTAINED**.

### V. Defendant's Motion in Limine Regarding Other Damages (Doc. 177)

Next, Defendant seeks to exclude as not relevant and unduly prejudicial evidence of "other damages" including that (1) Ball was deprived of capital he otherwise would have put towards marketing and development of Advanced, (2) Ball had to sell his family farm to support and continue the operation of Advanced, (3) Ball did not take a salary during the pendency of the Illinois Lawsuit, (4) and Linebarger did not receive pay increases as quickly as he would otherwise. Defendant argues this evidence is not relevant to Plaintiffs' malicious prosecution claim and should otherwise be excluded as unduly prejudicial. Defendant's motion in limine does not address this evidence in the context of Plaintiffs' sole remaining claim for computer tampering under the MCTA, however. Accordingly, Defendant's motion in limine regarding other damages is **DENIED as moot**.

### VI. Defendant's Motion to Bifurcate (Doc. 180)

Defendant filed a motion to bifurcate the damages phase of trial pursuant to Federal Rule of Civil Procedure 42(b). Given the Court's ruling as to punitive damages above, Defendant's motion to bifurcate (Doc. 180) is **DENIED as moot**.

### VII. Plaintiffs' Motion in Limine (Doc. 214)

Finally, the Court turns to Plaintiffs' motion in limine (Doc. 214). Plaintiffs argue the Court should exclude argument and evidence regarding pre-trial motions and rulings in this case, including the Court's entry of summary judgment on Counts I and II. The Court agrees with Plaintiffs that the Summary Judgment Order did not resolve the factual issues in Count III as to

Plaintiffs' MCTA claim. Defendant argues "the Summary Judgment Order" is relevant as it "resolves the issue of whether there was an independent basis for filing the [Illinois] Lawsuit separate and apart from the Marketing Log." The Court disagrees with Defendant. An independent question of fact exists outside the Court's probable-cause determination at the summary judgment stage concerning Plaintiffs' malicious prosecution claim. Therefore, at this time Plaintiffs' motion in limine is **SUSTAINED** as to the Court's pre-trial rulings.

    **IT IS SO ORDERED.**

                                             s/ Roseann A. Ketchmark
                                             ROSEANN A. KETCHMARK, JUDGE
                                             UNITED STATES DISTRICT COURT

DATED: February 1, 2022