# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL THERAPY, LLC, ZACHARY BALL, TODD LINEBARGER, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 6:20-cv-03043-RK |
| v. | )<br>)<br>) |
| APEX PHYSICAL THERAPY, LLC, | )<br>) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' motion under Federal Rule of Civil Procedure 54(b) that the Court direct entry of final judgment as to Counts I and II of Plaintiffs' amended complaint. (Doc. 247.) The motion is fully briefed. (Docs. 248, 251, 252.) After careful consideration and for the reasons explained below, Plaintiffs' motion is **DENIED**.

### I. Background

In their amended complaint filed on March 6, 2020, Plaintiffs asserted three claims against Defendant, including for malicious prosecution, abuse of process, and violation of the Missouri Computer Tampering Act ("MCTA"). (*See generally* Doc. 16.) On November 16, 2021, the Court granted summary judgment in favor of Defendant on Counts I and II for malicious prosecution and abuse of process, respectively. (*See generally* Doc. 206 ("Summary Judgment Order").) At the same time, the Court denied Defendant's motion for summary judgment as to Plaintiffs' MCTA claim. (*Id.* at 16-26.) On January 25, 2022, the Court denied Plaintiffs' motion for reconsideration as to the summary judgment ruling on Counts I and II of Plaintiffs' amended complaint. (Docs. 218, 236.)

At the time the Court entered its ruling on Plaintiffs' motion for reconsideration, trial was set for February 14, 2022. (Doc. 217.) After several continuances and extensions at the parties' request, however, and to accommodate scheduling issues in setting a new trial date, this case is now set for trial on December 12, 2022. (Doc. 246.) In this interim period prior to trial, Plaintiffs now seek certification under Rule 54(b) to immediately appeal the Summary Judgment Order as to their claims of malicious prosecution and abuse of process.

## II. Legal Standard

Generally, parties may only pursue an appeal from an order finally disposing of all claims and parties. *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009); *see also* 28 U.S.C. § 1291 (appeal permitted from "all final decisions of the district courts"). Rule 54(b) provides, in relevant part, however, an exception: "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Under this rule, then, a party may immediately appeal (1) a final judgment in favor of fewer than all claims or parties, (2) for which the district court determines there is "no just reason for delay" to appeal that final judgment. *Huggins*, 566 F.3d at 773; *see Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016) (recognizing the two-step analysis for the district court to decide whether to grant Rule 54(b) certification: first, the Court must consider whether the order is a "final judgment," that is one that represents "an ultimate disposition of an individual claim," and second, the Court must decide "whether a just reason for delay exists") (citations and quotation marks omitted). The decision whether to grant certification under Rule 54(b) rests within the discretion of the district court. *See Downing*, 810 F.3d at 585 ("In reviewing Rule 54(b) determinations, we apply an abuse of discretion standard" and "[a]ppellate courts leave the determination of the 'more appropriate time when each final decision in a multiple claims action is ready for appeal' to the 'sound judicial discretion of the district court.'") (citation omitted).

## III. Discussion

The parties both agree the Summary Judgment Order is a "final judgment" as to Counts I and II. (Docs. 248 at 3-4; 251 at 6-7.); *see Huggins*, 566 F.3d at 774. The operative question here, then, is whether there is no just reason for delay. In evaluating this factor, district courts consider the equities involved and judicial administrative interests, "particularly the interest in preventing piecemeal appeals." *Downing*, 810 F.3d at 585. (citation and quotation marks omitted). In the Eighth Circuit, Rule 54(b) certification is an exception to the general rule and "'should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Id.* (quoting *Hayden v McDonald*, 719 F.2d 266, 268 (8th Cir. 1983)); *see also Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (recognizing that Rule 54(b) certifications "should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit"). In evaluating

2

whether there is some danger of hardship or injustice through delay in a given case, the Eighth Circuit has set out the following five factors for district courts to consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Downing*, 810 F.3d at 568 (citation and quotation marks omitted).

Regarding the first factor, Plaintiffs emphasize the sole remaining claim under the MCTA is distinct from the malicious prosecution and abuse of process claims in the proof required to satisfy the claim. (Doc. 248 a 6.) While this may be true as a matter of black letter law, Plaintiffs' theory of their MCTA claim consistently presented at least since entry of the Summary Judgment Order largely relies on the same universe of facts as presented in this case from the beginning and continues to set forth as a central issue in this case Defendant's basis for filing the underlying lawsuit in Illinois state court that precipitated the instant action. In other words, Plaintiffs' theory of their claim against Defendant under the MTA includes as an integral component that Defendant's violation of the MCTA caused it to file the underlying lawsuit. In this way, Plaintiffs seek to recover under the sole remaining claim all the damages associated with the underlying Illinois Lawsuit – the same damages Plaintiffs have always sought in this case (with the exception, of course, of punitive damages that the Court has previously found are not permitted under Missouri law in the context of a statutory MCTA claim).

At the very least, Plaintiffs rely on the same universe of facts and, as they have recognized, largely the same evidence.[1] *See Ackerman v. Howmedica Osteonics Corps.*, No. 6:20-cv-06061-MDH, 2021 WL 816943, at *2 (W.D. Mo. Mar. 3, 2021) (declining Rule 54(b) motion for certification where "Plaintiff does not contest that he will largely rely on the same documents, question the same witnesses, and solicit the same experts" as the case proceeds forward); *see also Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1119 (8th Cir. 2011) ("Where each

---

[1] As Defendants observe in their opposition to Plaintiffs' motion, following the Summary Judgment Order, as the case proceeded toward trial on the sole-remaining MCTA claim, Plaintiffs' case was not meaningfully narrowed in terms of evidence to be presented at trial as demonstrated in part by the parties' pre-trial motions-in-limine pleadings and projection for the anticipated length of the trial.

3

claim requires familiarity with the same nucleus of facts and involves analysis of similar legal issues, the claims should be resolved in a single appeal.") (citation and quotation marks omitted); *Hayden*, 719 F.2d at 270 (finding certification not appropriate in part because "this case deals with essentially one set of facts, with which [the court of appeals] would need to refamiliarize itself on subsequent appeals," and recognizing that "similarity of legal or factual issues will weigh heavily against" Rule 54(b) certification") (citation and quotation marks omitted); *Olivier Family Interests Ltd. v. Wright*, No. 08-3075-CV-S-DW, 2012 WL 12903716, at *1 (W.D. Mo. April 19, 2012) (declining to issue Rule 54(b) certification since appellate review of the summary judgment order "will require familiarity with Plaintiffs' factual allegations regarding the entire alleged conspiracy" and to "avoid[] piecemeal appeals");

In *Downing* for instance, on which Plaintiffs rely heavily, the Eighth Circuit found certification was appropriate where the "theories and facts" underlying the adjudicated and unadjudicated claims were distinct. There, however, the adjudicated and unadjudicated claims were sufficiently distinct, as the Eighth Circuit recognized, because the unadjudicated claims involved acts "all of which occurred prior to the filing of this case" and the adjudicated counterclaims involved the interpretation and application of a settlement agreement in light of the plaintiffs' filing of the case in *Downing* (in other words, after the filing of the case). 810 F.3d at 584, 586. Here, however, as noted above, the adjudicated and unadjudicated claims involve in large part the same "theories and facts," particularly as to the critical issue of damages. Thus, the first and third factors weigh against certification.

As to the second factor, Defendant argues should Plaintiffs be successful in their malicious prosecution action they would not be entitled to "double recovery" for the same conduct under a malicious prosecution and/or abuse of process claim. At the same time, however, as Plaintiffs argue, they could ultimately be entitled to punitive damages under these claims which are not otherwise available under the sole-remaining MCTA claim. (*See* Doc. 252 at 5 (citing *Guirl v. Guirl*, 708 S.W.2d 239, 246 (Mo. Ct. App. 1986); *Fust v. Fracois*, 913 S.W.2d 38, 50 (Mo. Ct. App. 1995)).) In this way, it seems the second factor weighs in favor of certification. Additionally, no money judgment has been entered in this case as to any party and therefore there is no potential for later setoff. Thus, the fourth factor weighs in favor of certification.

Finally, the Court considers miscellaneous factors such as delay, economic and solvency considerations, expense, etc. Here, Plaintiffs argue it is "probable" an immediate appeal would be

4

resolved prior to the December 2022 trial date, now eight months away (approximately nine months away from the time of Plaintiffs' filing the instant motion). In support, Plaintiffs point to published data from the United States Courts – attached to their motion (Doc. 248-1) – that the median time an appeal in the Eighth Circuit is finally disposed of from the filing of the notice of appeal during the period September 2019 to September 2020 was 7.8 months. (Doc. 248; *see* Doc. 248-1.) Defendants argue this is not the appropriate metric since it appears to include all appeals (prisoner, "other civil," and criminal) whereas the specific metric for "other civil" appeals is much longer at 12.7 months. (*See* Docs. 248-1, 251-2.) In response, Plaintiffs argue that regardless of the particular metric, "they all demonstrate there is some prospect" an immediate appeal would be finalized prior to the December 2022 trial date.[2] In a similar vein, Plaintiffs assert they ultimately "intend to seek appellate review" of the Summary Judgment Order regardless of the outcome and thus should they prevail on an immediate appeal, all claims could be tried in one setting. Finally, Plaintiffs argue the "length of delay" until final judgment mitigates in favor of certification.

The Eighth Circuit has rejected the argument made by Plaintiffs here concerning the mitigation of costs as to multiple trials should a plaintiff appeal and win in the regular course after a final judgment:

> This is simply a case where a number of defendants were sued and some of them have prevailed on a motion to dismiss. It is always true in such cases that there is a risk of having two trials. If, on appeal, plaintiffs succeed in establishing that the District Court was wrong in dismissing the complaint as to some of the defendants, then the case would have to be tried again. That is simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress. The converse, of course, is that permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances. No special circumstances exist in this case to indicate that the legislative weighing of costs and benefits that led to the final-judgment rule, a rule, incidentally, that has been the law ever since 1789, Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84, should not be respected here.

*Ackerman*, 2021 WL 816943, at *3 (quoting *Huggins*, 566 F.3d at 775); *see also Taco John's of Huron, Inc. v. Bix Produce Co., LLC*, 569 F.3d 401, 402 (8th Cir. 2009) (that "an early intervention might be helpful does not amount to the kind of justification" required for certification under Rule

---

[2] Additionally, it is not clear from the data presented what the metric includes as the latter date, i.e., whether "last opinion" or "final order in Appeals Court" accounts for petition for panel rehearing under Rule 40 of the Federal Rules of Appellate Procedure (wherein a petition for panel rehearing generally must be filed within 14 days after entry of judgment) or the time to issue the mandate under Rule 41.

5

54(b)). In addition, the cases Plaintiffs cite regarding delay until final judgment (now approximately eight months) are distinguishable. Both cases concerned an anticipated years-long stay pending resolution of an ongoing administrative agency's investigation or bankruptcy proceeding. *Asarco LLC v. NL Indus., Inc.*, No. 4:11-CV-864 JAR, 2016 WL 1182632 (E.D. Mo. Mar 28, 2016) (stay pending investigation by Environmental Protection Agency); *Plymouth Cty., Iowa ex rel. Raymond v. MERSCORP, Inc.*, No. C 12-4022-MWB, 2013 WL 2444041 (N.D. Iowa June 5, 2013) (bankruptcy stay). As noted above, when Plaintiffs filed their motion for certification under Rule 54(b), trial was set for December 12, 2022, just over nine months from the date of filing. Even if there was some prospect of such an appeal being completed prior to the December 2022 trial, it seems there is a greater prospect the trial would be extended once again, given the necessarily close timeline between the conclusion of such an appeal and the trial date. Plaintiffs provide no additional legal argument the potential an appeal might be concluded prior to the scheduled trial heavily weighs in favor of certification, particularly when trial is set within the year and is not contingent upon another ongoing proceeding.

In sum, the Court finds Plaintiffs do not provide an adequate basis to conclude the miscellaneous factors weigh in favor of certification under Rule 54(b); in other words, Plaintiffs do not demonstrate this is the "special case" that warrants immediate appeal. *Interstate Power Co.*, 992 F.2d at 807; *see Rey v. Gen'l Motors LLC*, No. 4:19-cv-00714-DGK, 2022 WL 675857, at *4 (W.D. Mo. Mar. 7, 2022) (denying motion for certification where moving party "failed to distinguish this case from the routine case where some, but not all, of the claims are dismissed before trial").

### IV. Conclusion

For the reasons explained above, the Court finds on balance the factors do not favor the special exception that is certification under Rule 54(b) where the factors as applied to this case do not demonstrate a danger of hardship or injustice of seeking an appeal in the regular course. Plaintiffs' motion for certification under Rule 54(b) (Doc. 247) is therefore **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 8, 2022